**KINGVISION PAY PER VIEW, LTD., Plaintiff,**

v.

**Bill OWENS d/b/a Beamer's Garage Bar & Grill, and Beamer's Garage Restaurant and Lounge Company, Inc., Defendants.**

No. Civ. A. 97–2020–EEO.

United States District Court, D. Kansas.

Oct. 21, 1997.

Donald M. McLean, Kansas City, KS, Rex A. Sharp, Kevin D. Waekley, Sharp, McQueen, McKinley, Dreiling & Morain, Liberal, KS.

Scott K. Sherman, Prairie Village, KS, Donald M. McLean, Kansas City, KS, Daniel D. Crabtree, Stinson, Mag & Fizzel, P.C.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the motion of plaintiff Kingvision Pay Per View, Ltd. ("Kingvision") for summary judgment against defendant Bill Owens d/b/a Beamer's Garage Bar & Grill (Doc. # 24). After careful consideration of the parties' briefs and evidentiary materials, the court is prepared to rule. For the reasons set forth below, plaintiff's motion will be denied.

### Factual Background

Defendant Bill Owens is President and Secretary/Treasurer of a Kansas corporation called "Beamer's Garage Restaurant and Lounge Company, Inc." The corporation does business as "Beamer's Garage Bar & Grill" ("Beamer's"), located at 5908 Outlook in Mission, Kansas. On March 16, 1996, Beamer's broadcasted at least five minutes of the Mike Tyson/Frank Bruno pay-per-view boxing match, including the undercard and preliminary matches (collectively, the "Event"). Mr. Owens knew in advance that the Event would be broadcasted at Beamer's. Approximately 50 to 75 patrons at Beamer's watched portions of the Event. Mr. Owens was on the premises of Beamer's the night of the Event. Mr. Owens admits that he individually was not authorized to receive transmission of the Event.

On September 18, 1997, Magistrate Judge Rushfelt granted plaintiff leave to file an amended complaint adding "Beamer's Garage Restaurant and Lounge Company, Inc." as a defendant. Plaintiff's motion for summary judgment was filed only against defendant Bill Owens.

### Summary Judgment Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as

a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1538–39 (10th Cir.1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga,* 942 F.2d 737, 743 (10th Cir.1991). Essentially, the inquiry as to whether an issue is genuine is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512. An issue of fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. This inquiry necessarily implicates the substantive evidentiary standard of proof that would apply at trial. *Id.* at 252, 106 S.Ct. at 2512.

Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l. Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990); see also *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991). The nonmoving party may not rest on his pleadings but must set forth specific facts. *Applied Genetics,* 912 F.2d at 1241.

"[W]e must view the record in the light most favorable to the parties opposing the motion for summary judgment." *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991). "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not

escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith,* 853 F.2d 789, 793 (10th Cir. 1988). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Where the nonmoving party fails to properly respond to the motion for summary judgment, the facts as set forth by the moving party are deemed admitted for purposes of the summary judgment motion. D.Kan. Rule 56.1.

### Analysis

Plaintiff Kingvision moves for summary judgment on its claims against defendant Bill Owens under sections 553 and 605 of the Cable Communications Policy Act ("Communications Act"). See 47 U.S.C. §§ 553, 605. Section 605 provides:

[N]o person receiving [or] assisting in receiving, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception.... No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C.A. § 605(a). Section 553 provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C.A. § 553(a). Although both statutory provisions prohibit the illegal "interception or receipt" of an interstate communication, Kingvision has argued solely that defendant Owens illegally "intercepted" the Event.

As an initial matter, the court notes that there is no record evidence establishing how the Event was received at Beamer's. Accordingly, the court cannot determine at this time which statutory provision of the Communications Act, if any, applies in the instant action. Courts generally have held that section 605 applies to interception or receipt of cable television signals "before they begin to travel through the cable," while section 553 applies to the "interception or receipt of cable service transmissions at the point in the system that the transmission is carried by coaxial cable or wire." *TCI Cablevision of New England v. Pier House Inn, Inc.*, 930 F.Supp. 727, 735 (D.R.I.1996) (adopting rationale of *United States v. Norris*, 88 F.3d 462 (7th Cir.1996) and rejecting rationale of *International Cablevision, Inc. v. Sykes*, 75 F.3d 123 (2d Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 298, 136 L.Ed.2d 217 (1996)). Neither Kingvision nor Mr. Owens has addressed the proper scope of sections 553 and 605. Likewise, the court need not reach the issue in deciding the instant motion. In fact, from the record evidence, we cannot conclude that there necessarily was a violation of either statutory provision of the Communications Act. For example, if the Event was shown by videotape on a delayed basis at Beamer's, plaintiff would have no cause of action under either section of the Communications Act. *See That's Entertainment, Inc. v. Anciano's Inc.*, No. 94–C–7199, 1996 WL 514989 (N.D.Ill. Sept.6, 1996). For the above reasons, the court cannot ascertain at this time whether defendant Owens is liable under the Communications Act as a matter of law.

Mr. Owens also argues that Kingvision has not presented sufficient evidence to establish that Mr. Owens or his agents "intercepted" the transmission of the Event. The court agrees. Kingvision argues that Mr. Owens is liable for failing to do anything to stop the illegal interception of the interstate communication because he knew in advance of the broadcast that the Event was to be broadcasted at Beamer's. First, Kingvision has not established that anyone illegally "intercepted" the Event at Beamer's. Mr. Owens has admitted only that he personally was not authorized to receive transmission of the Event. There is no record evidence, however, that the Beamer's corporation or its agents was not authorized to receive transmission of the Event. In addition, we are not convinced that Mr. Owens can be held personally liable based solely on his prior knowledge that the Event was to be broadcasted at Beamer's. In contrast to the authorities cited by Kingvision, Kingvision has not offered any evidence to show that defendant Owens knew of any illegal interception or receipt of the Event at Beamer's. *See, e.g., Home Box Office v. Gee–Co., Inc.*, 838 F.Supp. 436, 439 (E.D.Mo.1993).

For all of the above reasons, plaintiff's motion for summary judgment will be denied. As noted above, plaintiff has not filed a motion for summary judgment against defendant Beamer's Garage Restaurant and Lounge Co., Inc., which was only recently added as a defendant in this case.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment against defendant Bill Owens d/b/a Beamer's Garage Bar & Grill (Doc. # 24) is denied.